**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 20-33274 |
| | § | |
| **LILIS ENERGY, INC.,** *et al.*, | § | **Chapter 11** |
| | § | |
| | § | |
| Debtors. | § | |

## LILIS ENERGY, INC.'S NOTICE OF REMOVAL

TO THE U.S. BANKRUPTCY CLERK:

Pursuant to 28 U.S.C. §§ 1334 and 1452, Federal Rule of Bankruptcy Procedure 9027, and Local Rule 9027-1, Lilis Energy, Inc., a Debtor in the above-captioned case[1] ("*Lilis*" or the "*Debtor*"), by and through its counsel of record, hereby removes to this Court the state court action described below.

## I.    INTRODUCTION AND BACKGROUND

1.    On May 8, 2020, plaintiffs ARM Energy Management LLC ("*ARM*"), Salt Creek Midstream, LLC ("*Salt Creek*") and SCM Crude, LLC ("*SCM Crude*," together with Salt Creek, "*SCM*," and collectively, "*Plaintiffs*") filed a petition in Texas state court against Lilis asserting claims for alleged breaches of contract and for a declaratory judgment and specific performance (the "*State Court Litigation*").[2]

2.    In the State Court Litigation, SCM asserted a claim against Lilis for alleged breach of a crude oil gathering agreement (the "*Gathering Agreement*") and ARM asserted a claim against Lilis for alleged breach of a firm sales contract, pursuant to which ARM agreed to

---

[1]    The Debtors in these Chapter 11 cases are: Brushy Resources, Inc.; Hurricane Resources LLC ; IMPETRO OPERATING LLC; Impetro Resources, LLC; Lilis Energy, Inc.; and Lilis Operating Company, LLC (collectively, the "*Debtors*").

[2]    The State Court Litigation is Cause No. 2020-28573 in the 33rd Judicial Court of the State of Texas, Harris County, styled *ARM Energy Management LLC v. Lilis Energy, Inc.*

purchase crude oil from Lilis at certain receipt points under the Gathering Agreement (the "***Firm Sales Contract***").  Plaintiffs asserted claims for a declaratory judgment and specific performance of the Gathering Agreement and Firm Sales Contract, as applicable.

3.      On May 13, 2020, SCM filed a verified application for a temporary restraining order and temporary injunction.  That same day, the Texas state court entered a temporary restraining order, enjoining Lilis from: (i) executing, negotiating, promising, pledging, encumbering, or otherwise burdening, conveying, or transferring SCM's gathering rights under the Gathering Agreement with respect to the certain dedicated areas; (ii) marketing or soliciting bids, tenders, or proposals for the gathering rights under the Gathering Agreement with respect to certain dedicated areas, and (iii) in any way altering, impairing, or infringing the parties' rights under the Gathering Agreement.  The Texas state court set the temporary injunction hearing for May 26, 2020.

4.      On May 26, 2020, the Texas state court held a hearing on SCM's request for temporary injunctive relief.  By order dated May 28, 2020, the Texas state court denied SCM's request for preliminary injunctive relief, finding that SCM had failed to demonstrate the lack of an adequate remedy at law.  However, on June 9, 2020,  SCM filed a motion to reconsider their application for a temporary injunction, to which Lilis responded on June 10, 2020.  The Texas state court set a hearing on SCM's motion to reconsider, which is currently scheduled for June 29, 2020, at 9:30 a.m. (prevailing central time).

5.      As described above, the removed State Court Litigation claims are related to assets of the Debtor, with requests for injunctive relief by Plaintiffs that would severely restrict the Debtor's ability to transport and market its crude oil.

## II.        BASIS FOR REMOVAL

6.        On June 28, 2020, Lilis and its affiliated entities filed voluntary bankruptcy petitions under Chapter 11 in this Court.

7.        Removal of the State Court Litigation is proper under 28 U.S.C. § 1452(a) because the claims being removed are pending in "a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power" and this Court has subject matter jurisdiction under 28 U.S.C. § 1334.

8.        Federal subject matter jurisdiction exists under 28 U.S.C. § 1334 because the State Court Litigation is "related to" the Debtors' bankruptcy proceeding.[3]  The entry of an injunctive order or a final judgment against Lilis would directly and substantially affect the Debtors, their operations, and the amount of property available for distribution among the estate's creditors.

9.        Venue is proper in the Southern District of Texas under 28 U.S.C. § 1452(a) because the Texas state court where the State Court Litigation is pending is located in this district.

## III.       THE PARTIES

10.       Pursuant to Local Rule 9027-1(a), the following is a list of the names and addresses of all parties, on which service has been accomplished, and the name, address, and telephone number counsel of record for each party.

---

[3]        The seminal case interpreting the scope of Section 1334's "related to" jurisdiction provides that a "related to" proceeding is one that "could conceivably have any effect on the estate being administered in bankruptcy."  *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).  "A key word in this test is 'conceivable.'  Certainty, or even likelihood, is not a requirement."  *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991).

11.     Plaintiffs ARM Energy Management LLC, Salt Creek Midstream, LLC, and SCM Crude, LLC are represented by Eversheds Sutherland (US) LLP in the State Court Litigation. The following attorneys represent Plaintiffs:

David A. Baay (DavidBaay@eversheds-sutherland.com)
Garrett A. Gibson (GarrettGibson@eversheds-sutherland.com)
Kimberly Daily (KimberlyDaily@eversheds-sutherland)

Eversheds Sutherland (US) LLP
1001 Fannin, Suite 3700
Houston, Texas 77002
Telephone: 713-470-6100

12.     Defendant Lilis Energy, Inc. is represented in the State Court Litigation by Zabel Freeman.  The following attorneys represent Lilis:

Thomas A. Zabel (tzabel@zflawfirm.com)
Nancy H. Elliott (nelliott@zflawfirm.com)
Pamela M. Dupuis (pdupuis@zflawfirm.com)

Zabel Freeman
1135 Heights Blvd.
Houston, Texas 77008
Telephone: 713-802-9117

## IV.     COMPLIANCE WITH RULE 9027

13.     Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to the entry of final orders or judgment by the bankruptcy court."  Lilis respectfully states that it does consent to the entry of final orders or judgments by the Bankruptcy Court.

14.     Local Rule 9027-1(b) further requires that this Notice of Removal "be accompanied by copies of all papers that have been filed in the court from which the case is removed."  Attached hereto are copies of all papers.

DATED:  June 29, 2020                          Respectfully submitted,

                                               **ZABEL FREEMAN**

                                               By: */s/ Thomas A. Zabel*
                                                  Thomas A. Zabel, SBN 22235500
                                                  Nancy H. Elliott, SBN 08701240
                                                  Pamela M. Dupuis, SBN 24040840
                                                  1135 Heights Blvd.
                                                  Houston, Texas 77008
                                                  Telephone: (713) 802-9117
                                                  Telecopier: (713) 802-9114
                                                  tzabel@zflawfirm.com
                                                  nelliott@zflawfirm.com
                                                  pdupuis@zflawfirm.com

                                               **ATTORNEYS FOR DEFENDANT LILIS
                                               ENERGY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Lilis Energy, Inc.'s Notice of Removal has been served on all counsel of record via electronic filing this 29th day of June, 2020.

_Thomas A. Zabel_
Thomas A. Zabel